IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV49-MU

| | |
|---|---|
| CHUKWUEMEKA F. MBADIWE, M.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNION MEMORIAL REGIONAL MEDICAL ) <br> CENTER, INC., JOHN W. ROBERTS, ROBERT ) <br> AUSTIN, M.D., and EDWARD BOWER, M.D., ) <br> in their individual and official capacities, ) <br> ) <br> Defendants. ) <br> _____) | ORDER |

This matter is before the court upon the Defendants' Motion for Summary Judgment. The court has reviewed the briefs and the evidence submitted by the parties.

The Plaintiff, a black male doctor of Nigerian ancestry, filed this lawsuit after his privileges were restricted at Defendant Union Memorial Regional Medical Center ("UMRMC"). He alleges that these actions were racially motivated and originally filed suit under 42 U.S.C. §§ 1981 and 1985(3), and, in addition, alleged claims of intentional infliction of emotional distress and defamation. In its Order of November 28, 2005, the court dismissed all of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, except for his §1981 claim against Defendants UMRMC, Roberts, Austin, and Bower. Discovery has been completed and these Defendants now move for summary judgment in their favor on Plaintiff's remaining claim.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no

1

genuine issue as to any material fact and that the moving party s entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). To avoid summary judgment, a plaintiff must introduce evidence to create an issue of material fact on an element essential to his case as to which he will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If the plaintiff fails to "make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof,"then "the plain language of Rule 56(c) mandates the entry of summary judgment." Id. A plaintiff may not rest on mere allegations or denials, but rather must demonstrate that a triable issue of fact exists. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). "A mere scintilla of evidence supporting the case is insufficient." Id. A party may not create a genuine issue of material fact "through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

The same legal analysis applicable to Title VII cases governs race discrimination claims under § 1981. Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 268 (4th Cir. 2005), cert. denied, ___ U.S. ___, 126 S.Ct. 1431 (2006). To establish a prima facie case of racial discrimination where there is no direct evidence of discrimination, the Plaintiff must prove that: (1) he is a member of a protected class; (2) he was qualified for medical staff privileges and his job performance was satisfactory; (3) he suffered an adverse contract-related action; and (4) similarly situated physicians who were not members of the protected class received more favorable treatment. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If Plaintiff is able to establish a prima facie case, the Defendant must articulate a legitimate, nondiscriminatory reason for restricting Plaintiff's privileges. Plaintiff must then demonstrate that the proferred reason is a pretext from which a factfinder may infer that the reason was illegal

discrimination. Rowe v. Marley Co., 233 F.3d 825, 830 (4th Cir. 2000).

Despite the lengthy briefs and voluminous exhibits, this case is really quite simple and can be summarized as follows: Plaintiff's medical staff privileges were restricted by Defendant UMRMC after Plaintiff exhibited severe deficiencies in surgical skills and medical judgment. There is overwhelming evidence that Plaintiff was not qualified to hold surgical privileges despite his self-serving, unsupported beliefs and opinions to the contrary.[1] Despite the allegation in his Complaint that similarly situated white physicians were treated more favorably, Plaintiff has failed to come forward with any competent evidence to support this allegation. He identifies only one alleged comparator, Dr. Bower, but utterly fails to meet his burden to demonstrate that Dr. Bower was "similarly situated in all relevant respects" and that his alleged acts were of "comparable seriousness" to his own infractions. See Lanear v.Safeway Grocery, 843 F.2d 298 (8th Cir. 1988). Rumors, conclusory allegations and a plaintiff's subjective beliefs about the conduct of allegedly 'similarly situated' individuals 'are wholly insufficient evidence to establish a claim of discrimination as a matter of law.'" Adkins v. Hospital Authority of Houston County, 2006 WL 1174446 at *8 (M.D.Ga. May 2, 2006) (quoting Mitchell v. Toledo Hospital, 964 F.2d 577 (6th Cir. 1992)).

Defendants have proffered a legitimate nondiscriminatory basis for the decision to restrict Plaintiff's privileges. This basis is entitled to considerable deference in light of the significant public interest in promoting the health and safety of patients and the potentially grave consequences of allowing unqualified physicians to perform medical procedures. See Baquir v.

---

[1] As a matter of law, Plaintiff's unsupported beliefs that his performance was satisfactory are insufficient to establish a claim of discrimination and create a genuine issue of fact. See Greene v. Swain County Partnership for Health, 342 F.Supp.2d 442, 452 (W.D.N.C. 2004).

3

Principi, 434 F.3d 733, 742 (4th Cir. 2006) (stating that a hospital's assessment of a physician's capabilities "is not one which we are inclined to impugn."). Plaintiff has failed to demonstrate that the legitimate nondiscriminatory reasons given by the Defendants for their actions are pretextual. Most importantly, however, Plaintiff has simply failed to come forward with a shred of evidence that the Defendants' actions were racially motivated other than his own speculation. In light of the forgoing, it is abundantly clear that Plaintiff has failed to raise a genuine issue of material fact and that judgment in favor of the Defendants is appropriate.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is hereby GRANTED.

Signed: April 24, 2007

Graham C. Mullen
United States District Judge